IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DE'MARIO DRIVER, #417678, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-01087 |
| | ) | JUDGE TRAUGER |
| FRANK FABISH, et al., | ) | JUDGE BRYANT |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## ANSWER

Defendants Earl Johnson and Quitez Burke, through the Office of Attorney General, respond to the allegations of the Complaint.

1-2. Jurisdiction is not disputed. Any implication in these paragraphs that these defendants have any liability to the plaintiff is denied.

3. It is admitted that the plaintiff is an inmate incarcerated in the Tennessee Department of Correction (TDOC) and was housed at DeBerry Special Needs Facility at the time of the allegations made in the Complaint. Any implication in this paragraph that these defendants have any liability to the plaintiff is denied.

4-7. These defendants do not address allegations directed to other persons. These defendants were correctional officers at DSNF. Any implication in these paragraphs that these defendants have any liability to the plaintiff is denied.

8-25. These defendants do not address allegations directed to other persons. It is

denied that these defendants used excessive force on the plaintiff. Any remaining factual allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

26. It is admitted that a Code was called and these defendants responded. It is denied that these defendants used excessive force on the plaintiff. Any remaining factual allegations of this paragraph directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

27-31. It is denied that these defendants used excessive force on the plaintiff. Any remaining factual allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

32-33. Quitez Burke talked to the plaintiff and had the keys and unit phone returned. Mr. Burke then closed the pie flap. Any remaining allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

34-37. Denied as to these defendants. These defendants do not address allegations directed to other persons. It is denied that these defendants used excessive force on the plaintiff. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

38-42. These defendants do not address allegations directed to other persons. It is denied that these defendants used excessive force on the plaintiff. Any remaining factual

allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

43. Denied as to defendant Johnson.

44. Denied as to defendant Burke.

45-50. Denied as to these defendants. These defendants do not address allegations directed to other persons. It is denied that these defendants used excessive force on the plaintiff. Any remaining factual allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

51-53. Denied.


IT IS DENIED THAT THESE DEFENDANTS HAVE ANY LIABILITY TO THE PLAINTIFF.

ANY REMAINING AVERMENTS OF THE COMPLAINT, NOT HERETOFORE ADDRESSED, ARE DENIED.


**AFFIRMATIVE DEFENSES**

1. The plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. To the extent that the plaintiff has failed to exhaust his administrative remedies as to any of these defendants, this action should be dismissed.

3. To the extent that these defendants are sued in their individual capacities, they are entitled to qualified immunity from money damages.

4. To the extent that these defendants are sued in their official capacities, it is the same as suing the State of Tennessee, and the Eleventh Amendment of the United States Constitution bars all claims for money damages.

5. These defendants assert that as employees of the State of Tennessee they are absolutely immune from state law claims as provided under T.C.A. §9-8-307(h), and this Court lacks subject matter jurisdiction of such claims.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, these defendants demand a jury in this cause to try all issues so triable.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General

s/ Arthur Crownover II
ARTHUR CROWNOVER II
Senior Counsel
Office of the Attorney General
Civil Rights and Claims Division
P. O. Box 20207
Nashville, TN 37202-0207
(615) 532-2500

## CERTIFICATE OF SERVICE

        I hereby certify that on January 31, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. A copy has been served by regular U.S. mail upon De'Mario Driver, #417678, Morgan County Correctional Complex, P.O. Box 2000, Wartburg, TN 37887. Parties may access this filing through the Court's electronic filing system.

                                  s/ Arthur Crownover II
                                  ARTHUR CROWNOVER II