IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DE'MARIO DRIVER, #417678, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-01087 |
| | ) | JUDGE TRAUGER |
| FRANK FABISH, et al., | ) | JUDGE BRYANT |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## ANSWER

Defendants, James Lindsey and Frank Fabish, represented by and through the Office of Attorney General, respond to the allegations in the Complaint as follows:

1-2. Jurisdiction is not disputed. Any implication in these paragraphs that these defendants have any liability to the plaintiff is denied.

3. It is admitted that the plaintiff is an inmate incarcerated in the Tennessee Department of Correction (TDOC) and was housed at DeBerry Special Needs Facility at the time of the allegations made in the Complaint. Any implication in this paragraph that these defendants have any liability to the plaintiff is denied.

4-7. Defendants admit they were employed as officers at the Lois M. DeBerry Special Needs Facility. All remaining allegations not otherwise responded to in Paragraphs 4 though 7 are hereby denied. Any implication in these paragraphs that these defendants have any liability to the plaintiff is denied.

8. Defendants admit Plaintiff was using the telephone in his cell on May 16, 2013.

9. Defendants admit Cpl. James Lindsey informed Plaintiff that his time for using the phone had expired.

10. Defendants admit Plaintiff told Cpl. Lindsey that he didn't think his time had expired.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Defendants admit Plaintiff threw coffee and urine on Cpl. Lindsey. All remaining allegations in paragraph 15 are denied.

16. Defendants admit Cpl. Lindsey radioed Cpl. Santiago for assistance. Defendants aver Plaintiff began throwing coffee and urine on Cpl. Lindsey while he talked to Cpl. Santiago. All remaining allegations in paragraph 16 are denied.

17-18. Defendants admit Cpl. Santiago talked to Plaintiff about the telephone. All remaining allegations in paragraphs 17 and 18 are denied.

19-20. Defendants admit Cpl. Lindsey entered Plaintiff's cell to retrieve the telephone. All remaining allegations in paragraphs 19 and 20 are denied.

21. Denied.

22. Denied. Defendants aver Plaintiff immediately began punching Cpl. Lindsey in the head upon his entering Plaintiff's cell.

23. Denied. Defendants aver Plaintiff acquired the keys from Cpl. Lindsey after assaulting him and further assaulted Cpl. Lindsey, using the keys as brass knuckles enclosed in his fist.

24. Defendants admit Cpl. Santiago called a code based on Plaintiff assaulting Cpl.

Lindsey. All remaining allegations in paragraph 24 are denied.

25. Denied.

26. Defendants admit a code was called and Defendant Fabish responded. It is denied that defendants used excessive force on the plaintiff. Any remaining factual allegations of this paragraph directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

27. Denied.

28-29. Denied.

30. Admitted based on information and belief.

31. Admitted based on information and belief.

32-33. Defendants admit Quitez Burke talked to the plaintiff and had the keys and unit phone returned. Mr. Burke then closed the pie flap. Any remaining allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that defendants violated the plaintiff's constitutional rights or have any liability to him.

34-37. Denied. These defendants do not address allegations directed to other persons. It is denied that these defendants used excessive force on the plaintiff. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

38-44. Denied as to these defendants. Defendants do not address allegations directed to other persons. It is denied that these defendants used excessive force on the plaintiff. Any remaining factual allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

45-50. Denied as to these defendants. Defendants do not address allegations directed to other persons. It is denied that these defendants used excessive force on the plaintiff. Any remaining factual allegations of these paragraphs directed to these defendants, which are inconsistent with the foregoing, are denied. It is denied that the defendants violated the plaintiff's constitutional rights or have any liability to him.

51-53. Denied.

DEFENDANTS DENY ANY LIABILITY TO PLAINTIFF BASED ON ALLEGED VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AND DEMAND STRICT PROOF THEREOF. ANY REMAINING ALLEGATIONS IN THE COMPLAINT NOT OTHERWISE ADDRESSED BY THESE DEFENDANTS ARE HEREBY DENIED.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. To the extent that the plaintiff has failed to exhaust his administrative remedies as to any of these defendants, this action should be dismissed.

3. To the extent that these defendants are sued in their individual capacities, they are entitled to qualified immunity from money damages.

4. To the extent that these defendants are sued in their official capacities, it is the same as suing the State of Tennessee, and the Eleventh Amendment of the United States Constitution bars all claims for money damages.

5. Defendants assert that, as employees of the State of Tennessee, they are absolutely immune from any state law claims as provided under T.C.A. §9-8-307(h), and this Court lacks subject matter jurisdiction of such claims.

6. Defendants reserve the right to amend this Answer to include any and all defenses that may arise through the course of discovery, or otherwise, in this matter.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, these defendants demand a jury in this cause to try all issues so triable.

                    Respectfully submitted,

                    ROBERT E. COOPER, JR.
                    Attorney General

                    s/ Lee Pope
                    LEE POPE
                    Assistant Attorney General
                    Office of the Attorney General
                    Civil Rights and Claims Division
                    P. O. Box 20207
                    Nashville, TN 37202-0207
                    (615) 532-2500

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

I further certify a copy of the foregoing has been served by regular U.S. mail upon the following:

De'Mario Driver, #417678
RMSI
7475 Cockrill Bend Blvd.
Nashville, TN 37209-1048

                    s/ Lee Pope
                    LEE POPE