# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| De'Mario Driver, | ) |
| | ) Case No. 3:13-cv-1087 |
| Plaintiff, | ) |
| | ) Judge Trauger |
| v. | ) Magistrate Judge Bryant |
| | ) |
| Lt. Frank Fabish, et al., | ) |
| | ) |
| Defendants | ) |

## DENIAL OF ENTRY OF DEFAULT JUDGMENT

Pending is Plaintiff's Request for Entry of Default Judgment against Defendant Michael Ferrish (Docket Entry No. 58). Plaintiff seeks money damages by this request and states in the request that default has already been entered against Michael Ferrish. Default has not been entered against this defendant. Accordingly, the Clerk will construe this as a request for entry of default pursuant to Federal Rule of Civil Procedure (FRCP) 55(a), as no default judgment may be granted pursuant to FRCP 55(b) until default has been entered pursuant to FRCP 55(a). *U.S. v. $22,050.00 U.S. Currency,* 2008 WL 4093066 at page 3 (M.D. Tenn. Aug. 26, 2008)*; Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004).

The request for entry of default, as construed, is denied as Plaintiff's affidavit of military service (Docket Entry No. 59) falsely states that "Defendant Michael Ferrish has worked at the Lois M. Deberry Special Needs Facility since plaintiff was incarcerated in 1/11/2009, 2010". Plaintiff's assertion is contrary to docket entry number 9, which is an unexecuted return of service stating the Mr. Ferrish was no longer employed at the facility as of the attempted date of delivery in November of 2013. Plaintiff's affidavit is thus not adequate to demonstrate Mr. Ferrish's military status.

Accordingly, default is denied.

s/ Keith Throckmorton
Keith Throckmorton
Clerk of Court