ORDER:

Motion granted.

The order entered July 29, 2014 (Docket Entry No. 61) is vacated to the extent that it required Plaintiff Driver, then appearing pro se, to complete and return a service packet for Defendant Mitchell to the Clerk. Counsel has now appeared for Plaintiff.

John Bryant, USMJ

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DE'MARIO DRIVER, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 3:13-cv-1087 |
| | ) | |
| v. | ) | Judge Trauger/Bryant |
| | ) | |
| FRANK FABISH, et al., | ) | |
| | ) | |
| *Defendants.* | ) | JURY DEMAND |

## MOTION FOR RELIEF FROM ORDER BASED ON CHANGED CIRCUMSTANCES

COMES NOW Plaintiff De'Mario Driver, through counsel, and pursuant to Fed. R. Civ. P. 60(b)(5)-(6), moves this Honorable Court for an order vacating its prior order, (Doc. 61), requiring Plaintiff to submit *pro se* service packets to the Clerk as to Defendant Leslie Mitchell, previously identified by Plaintiff's *pro se* Complaint as "John Doe I," by August 18, 2014.

The Court has within its equitable authority the power to excuse a party from a prior order when requiring adherence to the prior order would not be equitable. Fed. R. Civ. P. 60(b). *See, e.g., Still's Pharmacy, Inc. v. Cuomo*, 981 F.2d 632, 638 (2d Cir. 1992) (discussing when changed circumstances warrant relief from consent decree); *Horne v. Flores*, 557 U.S. 433, 447 (2009) (discussing when changed circumstances warrant relief from judgment); *Doe v. Briley*, 511 F. Supp. 2d 904, 909-10 (M.D. Tenn. 2007) (Trauger, J.) (Rule 60(b) allows for modification of prior orders based on changed circumstances or changes or clarifications in the law).

In this case, the order requiring Plaintiff to submit *pro se* service packets to the Clerk by August 18 was entered prior to undersigned counsel entering an appearance in this case. (*See*