UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DE'MARIO DRIVER,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK FABISH, ET AL.,<br><br>    Defendant. | Case No. 3:13-cv-01087<br><br>Judge Trauger<br>Magistrate Judge Newbern |

To the Honorable Aleta A. Trauger:

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff De'Mario Driver's Motion for Default Judgment as to Defendants Michael Farrish and Jorge Santiago. (Doc. No. 155.) For the following reasons, the undersigned RECOMMENDS that the motion be DENIED WITHOUT PREJUDICE to refiling after adjudication of the claims pending against all other defendants.

### I.     Factual Background

In this Section 1983 civil rights action, Plaintiff De'Mario Driver brings claims against Defendants Frank Fabish, Michael Ferrish, Jorge Santiago, Earl Johnson, Quintez Burke, and Leslie Mitchell[1] – all correctional officers at the Lois Deberry Special Needs Facility at the time Driver was incarcerated there. (Doc. No. 1, 50.) Driver alleges that Defendants, together, physically assaulted him and used a taser gun against him in violation of his Eighth Amendment

---

[1]     The Court granted Driver's motion to dismiss Defendant James Lindsey from this action on April 12, 2016. (Doc. No. 103.) Driver identified Defendant Leslie Mitchell as the defendant named in the Complaint as John Doe I. (Doc. No. 50.) The Court granted Driver's motion to amend the complaint and substitute Mitchell for John Doe I on July 29, 2014. (Doc. No. 61.)

1

protections and Tennessee tort law. (Doc. No. 1-1.) Driver seeks $100,000 in compensatory damages "jointly and severally" from all defendants and punitive damages of $20,000 from each defendant. (Doc. No. 1-1.)

The Clerk of Court entered default under Federal Rule of Civil Procedure 55(a) against Defendants Farrish, Santiago, and Mitchell on July 18, 2016, finding that each had been served with and had failed to respond to Driver's complaint. (Doc. No. 143.) Mitchell appeared shortly thereafter to contest entry of default. (Doc. No. 151.) Driver did not oppose that motion and the Court set aside entry of default against Mitchell on October 20, 2016. (Doc. No. 166.) Santiago and Farrish have not appeared. Driver now moves for default judgment against them. (Doc. No. 155.)

## II. Legal Standard

Federal Rule of Civil Procedure 55(b) governs entry of default judgment where, as here, default has been entered against a party under Rule 55(a). Default judgment may be entered by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "Plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2683 (4th ed.) Rather, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). Where a plaintiff's claim is not for a sum certain, entry of default judgment falls to the court. Fed. R. Civ. P. 55(b)(2).

In matters where default judgment is sought against some, but not all, defendants, Rule 54(b) is also implicated. Under its terms, "when multiple parties are involved, the court may direct

entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Federal courts have long followed a general rule that, when default is entered against fewer than all defendants in a multi-defendant action in which joint liability is claimed, default judgment should be withheld until merits determinations are made for those defendants not in default. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("If one of several defendants to a bill making a joint charge . . . make default, his default and a formal decree *pro confesso* may be entered, but no final decree on the merits until the case is disposed of with regard to the other defendants."); *see also Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."). By this practice, courts seek to avoid the "unseemly and absurd" result of judgments entered both for and against similarly situated co-defendants on the same theories of liability and facts. *Frow*, 82 U.S. at 554; *see also Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908 (E.D. Mich. 2005) (finding that "potential for inconsistent judgments" requires denying default judgment while claims against other defendants are pending).

**III.    Analysis**

Driver states that his Complaint "seeks a sum certain" and, therefore, the Clerk may enter default judgment against Santiago and Ferrish pursuant to Rule 55(b)(1). (Doc. No. 155.) Although Driver seeks specific dollar amounts from each defendant, his claims are not for a "sum certain" as contemplated by Rule 55(b)(1). Driver seeks compensatory damages in the amount of "$100,000 jointly and severally against [all Defendants] for the physical and emotional injuries sustained as a result of the Plaintiff's beating" and an award of "$20,000 against each defendant"

3

in punitive damages. (Doc. No. 1-1.) However, "[i]f the dollar amount of the defendant's liability is a matter of estimation, such as the . . . extent of personal injuries then it is not a 'sum certain' and entry of default judgment for that amount may be entered only by the Court after a factual evaluation." *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (internal citations omitted); *see also* 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2683 ("Plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount."). Accordingly, the motion for default judgment must be decided by the Court. Fed. R. Civ. P. 55(b)(2).

The facts of this case do not compel the finding of "no just reason for delay" required for the Court to enter default judgment to fewer than all defendants. Fed. R. Civ. P. 54(b). To the contrary, the Court has every reason to withhold entry of default judgment until Driver's claims against all defendants are resolved. Driver specifically pleads joint liability among all defendants, and the remaining defendants are likely to rely on the same defenses that Farrish and Santiago might have raised had default not been entered against them. Entering default judgment for Farrish and Santiago now would risk inconsistent judgments among many defendants against whom the same liability is alleged.

To avoid this risk and to ensure coherence among the Court's rulings in this matter, Driver's motion for default judgment against Farrish and Santiago should be denied without prejudice to refiling after the adjudication of Driver's claims against the remaining defendants.

**IV.     Recommendation**

The undersigned RECOMMENDS that Driver's motion for default judgment against Defendants Santiago and Farrish be DENIED WITHOUT PREJUDICE to refiling after adjudication of his claims against the remaining defendants.

4

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections.  Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge