IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

De'MARIO DRIVER           )
                          )
    v.                    )    NO. 3:13-1087
                          )
FRANK J. FABISH, et al.   )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Orders entered October 11, 2013 (Docket Entry No. 4), and April 14, 2016 (Docket Entry No. 104), this action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is Defendant Leslie Mitchell's motion to dismiss (Docket Entry No. 156), to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 158. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted.

## I. BACKGROUND

De'Mario Driver ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC"). He filed this lawsuit *pro se* and *in forma pauperis* on October 4, 2013, alleging that eight correctional officers at TDOC's Lois DeBerry Special Needs Facility ("DeBerry") had physically assaulted him and used a taser gun against him on May 16, 2013. *See* Complaint (Docket Entry No. 1). Seeking compensatory and punitive damages for claims brought under 42 U.S.C.

§ 1983 for a violation of his constitutional rights and under state tort law, Plaintiff named the following defendants - Quintez Burke ("Burke"), Earl Johnson ("Johnson"), Frank Fabish ("Fabish"), James Lindsey ("Lindsey"), Michael Ferrish ("Ferrish"), Jorge Santiago ("Santiago"), "John Doe I," and "John Doe II." Although the case was filed *pro se*, Plaintiff has been represented by counsel since August 2014.

The procedural history of the case is somewhat torturous. Defendants Burke, Johnson, Fabish, and Lindsey filed timely answers, *see* Docket Entry Nos. 18 and 52, and an initial scheduling order was entered. *See* Docket Entry No. 62. The case was then stayed from November 17, 2014, to March 1, 2016, while state criminal proceedings related to the events of May 16, 2013, were occurring. *See* Docket Entry Nos. 77 and 85. Subsequent to the stay being lifted: 1) counsel for Defendants Burke, Johnson, and Fabish was permitted to withdraw, *see* Docket Entry No. 87;[1] 2) Defendant Lindsey was dismissed from the action, *see* Docket Entry No. 103; 3) default was entered against Defendants Ferrish and Santiago, who failed to respond to the Complaint, *see* Docket Entry No. 143;[2] and 4) a second scheduling/case management order was entered on July 5, 2016. *See* Docket Entry No. 136. The docket in the case shows that court mail sent to Defendants Burke, Johnson, and Fabish has often been returned undeliverable, and it is unclear whether these three

---

[1] These three Defendants are currently *pro se*.

[2] Plaintiff's motion for default judgment against Defendants Ferrish and Santiago was denied without prejudice to being refiled after adjudication of the claims pending against all other Defendants. *See* Order entered March 15, 2017 (Docket Entry No. 187).

Defendants intend to actively defend the action as *pro se* parties. *See* Docket Entry Nos. 200 and 202-204.[3]

Defendant Leslie Mitchell ("Mitchell") was not listed as a defendant in the Complaint, but was first named when Plaintiff filed a motion to amend his Complaint on June 10, 2014, asserting that the person identified in the Complaint as "John Doe I" was Mitchell. *See* Docket Entry No. 50. By Order entered July 29, 2014 (Docket Entry No. 61), the Court granted Plaintiff's motion to amend. Defendant Mitchell was served with process during the time period the case was stayed, and he later appeared *pro se* and denied liability at a status conference held on June 29, 2016. *See* Docket Entry No. 136 at 2. Although Plaintiff had filed a motion for entry of default against Defendant Mitchell the day prior to the status conference, *see* Docket Entry No. 131, the motion was apparently not discussed at the status conference or withdrawn, and default was entered against Mitchell on July 18, 2016. *See* Docket Entry No. 143. Defendant Mitchell thereafter obtained counsel, who filed the pending motion to dismiss in response to the Complaint and also obtained an order setting aside the entry of default. *See* Order entered October 20, 2016 (Docket Entry No. 166).

## II. THE MOTION TO DISMISS AND RESPONSE

In his motion, Defendant Mitchell raises the defense of the statue of limitations. He argues that the claims brought against him are untimely because he was not named as a defendant until Plaintiff amended his complaint, which occurred after the one year statute of limitations applicable

---

[3] The last involvement of any of these Defendants appears to be when Defendant Burke appeared *pro se* at the status conference held on June 29, 2016. *See* Docket Entry No. 136 at 2. A recently filed motion (Docket Entry No. 206) indicates that Plaintiff's counsel may have located contact information for Defendants Burke and Fabish.

to Plaintiff's claims had already expired. *See* Memorandum in Support (Docket Entry No. 157). In response, Plaintiff argues, 1) that the amendment should relate back to his original complaint under Rule 15(c) of the Federal Rules of Civil Procedure, rendering the claim against Defendant Mitchell timely, and, 2) alternatively, that equitable tolling should apply to excuse any untimeliness of his claim against Defendant Mitchell. *See* Response (Docket Entry No. 158). A reply and sur-reply have also been filed by the parties. *See* Reply (Docket Entry No. 160) and Sur-reply (Docket Entry No. 163).

### III. ANALYSIS

The one year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a) applies to Plaintiff's claims against Defendant Mitchell. *See Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Claims accrue and the statute of limitations period begins to run when Plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

The events at issue and the injuries for which Plaintiff seeks compensation occurred on May 16, 2013. His claims accrued on May 16, 2013, because he was aware of his injuries and the acts providing the basis for his claims on that day. However, Defendant Mitchell was not named as a defendant until June 10, 2014, when Plaintiff sought leave to amend his complaint in order to name Mitchell, whom Plaintiff had previously identified as "John Doe I." *See* Docket Entry No. 50. Accordingly, Plaintiff's claims against Defendant Mitchell were brought after the one year statute of limitations had expired.

Plaintiff offers two arguments for why his claims against Defendant Mitchell should not be dismissed as untimely.  First, Plaintiff argues that his amended complaint relates back to the filing of his original complaint under Rule 15(c) of the Federal Rules of Civil Procedure.  Rule 15(c) sets out several factors which must be satisfied before an amended complaint that changes the party or the naming of a party against whom a claim is asserted is deemed to relate back to the date of the filing of the original complaint.  One of these factors is that the party sought to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Rule 15(c)(1)(C)(ii).

Plaintiff's position that his amendment relates back under Rule 15(c) cannot succeed given the law of this Circuit.  The Sixth Circuit has held that amendments seeking to add parties will not relate back under Rule 15(c) and "will not survive preclusive application of the statute of limitations unless the amendments are corrections of misnomers." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  Within the Sixth Circuit, the law is that the addition of a subsequently identified defendant in place of a "John Doe" defendant is not a mere substitution or correction, but is a change of parties that requires a plaintiff to satisfy the language of Rule 15(c)(1)(C)(ii).  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).  As to this requirement, the Sixth Circuit has repeatedly affirmed that a lack of knowledge about the identity or name of an intended but unknown defendant does not constitute the type of "mistake concerning the party's identity" that would allow an amendment adding a defendant after the statute of limitations has expired. *Wiggins v. Kimberly-Clark Corp.*, 641 Fed.App'x 545, 549 (6th Cir. 2016); *Brown v. Cuyahoga Cty., Ohio*, 517 Fed.App'x 431, 434 (6th Cir. 2013); *Smith v. City of Akron*, 476 Fed.App'x 67, 69 (6th Cir. 2012); *Moore v. Tennessee*, 267 Fed.Appx. 450, 455, (6th Cir. 2008); *Cox*, *supra*.  Plaintiff has offered nothing showing that he

satisfies the "mistake concerning the party's identity" requirement of Rule 15(c)(1)(C)(ii). Accordingly, his amended complaint adding Defendant Mitchell in place of "John Doe I" does not relate back to the filing of his original complaint.

Plaintiff's attempts to get around the Sixth Circuit's controlling precedent are dead ends. Plaintiff first contends that this Court implicitly found that the amendment related back when, in the July 29, 2014 Order, the Court granted Plaintiff's motion to amend and directed that process issue to Mitchell. *See* Response (Docket Entry No. 158) at 4-5. The Court is not persuaded by this argument. The relevant part of the prior Order stated:

> Plaintiff Driver, a prisoner proceeding *pro se*, has filed his motion to amend his complaint (Docket Entry No. 50) in order to substitute Leslie Mitchell for the Defendant previously identified as "John Doe I." This motion is GRANTED.

*See* Docket Entry No. 61. The Court's use of the word "substitute" in describing the motion to amend has no legal import and implies no finding by the Court. Further, there is no significance that can be attributed to the fact that the Court could have, but did not, find that the motion was futile due to the untimeliness of the claim against Mitchell. The Court's ruling on the motion consisted of two brief sentences, did not include analysis of the issues of timeliness or relation back, and did not make an explicit determination that the amendment adding Mitchell related back under Rule 15(c). Plaintiff's argument that the Court has already determined this issue is simply unsupported.

Plaintiff next contends that authority exists that supports his relation back argument and supports a reading of *Cox v. Treadway* that is less restrictive on the issue of replacing "Doe" defendants. *See* Response at 5-9. This contention is meritless in light of *Wiggins*, *Brown*, *Smith*, *Moore*, and *Cox,* which provide clear and controlling authority from the Sixth Circuit on the exact

6

issue that is before the Court. The two lower court cases relied on by Plaintiff,[4] one of which predates *Cox v. Treadway*, are not controlling.

Plaintiff's second argument against dismissal is that the Court should equitably toll the statute of limitations because of the circumstances of this case. *See* Response at 9-10. Specifically, Plaintiff argues that the Court should take into account the difficulties faced by Plaintiff as a *pro se* and incarcerated litigant in his attempt to discover the identify of Defendant Mitchell. Namely, that Plaintiff has limited access to information and to avenues to gather information, has a limited education and a lack of legal training, and was housed in a restricted setting. Plaintiff also points to specific parts of the record in this action as proof of his attempts to actively and diligently pursue his case and determine Defendant Mitchell's identity, including: 1) his letters to the Court concerning his segregation status, addresses, and service of process issues, *see* Docket Entry Nos. 21, 29, 35, and 44; 2) his motions for the appointment of counsel, *see* Docket Entry Nos. 3 and 34-36; and 3) a motion for an extension of time to amend his complaint that he filed prior to filing the amendment that named Defendant Mitchell as a Defendant. *See* Docket Entry No. 45.[5]

---

[4] *Henderson v. Hackel*, 170 F.R.D. 430 (E.D. Mich. 1997); *Simpson v. City of Maple Hts.*, 720 F.Supp. 1301 (N.D. Ohio 1988).

[5] Plaintiff asserts that because "there was no case management order at the time of Plaintiff's motion [for an extension of time to amend], it is fair to construe Plaintiff's motion as a request to toll the statute of limitations. *See* Response at 2, n.2. The Court declines to construe the motion as a request by Plaintiff to toll the statute of limitations. First, no such request was included in the motion, nor can anything in the motion be liberally construed as such. Second, contrary to Plaintiff's assertion, the Court had entered a scheduling order prior to Plaintiff filing his motion for an extension of time. *See* Order entered April 1, 2014 (Docket Entry No. 27).

The doctrine of equitable tolling[6] is to be applied sparingly, *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), and typically applies "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). *See Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). Plaintiff bears the burden of demonstrating that he is entitled to equitable tolling. *McClendon v. Sherman*, 328 F.3d 490, 494 (6th Cir. 2003). The Sixth Circuit has held that equitable tolling is appropriate only after the court has properly considered and balanced five factors. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (holding that the same test applies to habeas and non-habeas cases alike). These factors are: (1) the plaintiff's lack of actual notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id*. These five factors are not comprehensive, nor is each factor relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

In the instant case, the Court finds that Plaintiff has not met his burden. Although Plaintiff shows that he actively litigated his case after filing it, he has not shown any extraordinary circumstance that prevented him from identifying Defendant Mitchell and naming him as a defendant within the statute of limitations. Neither Plaintiff's status as a *pro se* and incarcerated inmate nor

---

[6] The parties disagree over whether equitable tolling applies to Plaintiff's civil rights claims. While Defendant is correct that Tennessee does not recognize the doctrine of equitable tolling in civil cases, *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460-61 (Tenn. 2012), the Court may nonetheless apply federal equitable tolling to the extent that enforcing state law is inconsistent with federal law. *See Pike v. United States*, 868 F.Supp.2d 667, 683-84 (M.D. Tenn. 2012).

his lack of legal knowledge are sufficient to warrant equitable tolling. *See Cheatom v. Quicken Loans*, 587 Fed.App'x 276, 281 (6th Cir. 2014); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Godspower v. Arnold*, 2014 WL 4347619, *2 (M.D. Tenn. Aug. 29, 2014) (Trauger, J.) ("A prisoner's *pro se* status and ignorance of the law are wholly insufficient to excuse his failure to initiate this action in a timely manner."); *Benton v. Correct Care Sols.*, 2011 WL 1397610, *4 (M.D. Tenn. Apr. 13, 2011) (Trauger, J.) (plaintiff failed to show extraordinary circumstances prevented his timely filing of complaint even though he asserted that he made every attempt possible to diligently pursue his claims despite being incarcerated). Additionally, although Plaintiff states that he is a "special needs" inmate and has a "mental illness," *see* Response at 1, 9, and 10, there is no evidence in the record supporting these assertions other than the fact that Plaintiff was housed at DeBerry, which houses inmates with mental health and medical issues, at the time of the incident. Plaintiff has not come close to meeting the level of proof necessary to show that mental incapacitation supports the application of equitable tolling. *See Holt v. City of Dickson of Tennessee*, 2015 WL 6619969, *5 (M.D. Tenn. Oct. 30, 2015) (Trauger, J.) (plaintiff's vague claim of emotional and mental distress was not sufficient to justify equitable tolling).

While the Court recognizes the difficulties Plaintiff faced litigating his case as a *pro se* and incarcerated party prior to obtaining counsel, the circumstances he relies upon for his argument that equitable tolling should apply are circumstances that are present in many of the cases filed by prisoner plaintiffs. There simply has been no showing of anything extraordinary that would compel

the Court to apply equitable tolling and excuse the fact that the statute of limitations expired before Defendant Mitchell was sued in this action.[7]

## IV. RECOMMENDATION

For the reasons set out herein, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to dismiss of Defendant Leslie Mitchell (Docket Entry No. 156) be GRANTED and that the claims against Defendant Mitchell be DISMISSED.

Any OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[7] In his Response, Plaintiff briefly states that "Defendant Mitchell should be equitably estopped from arguing that the statute of limitations bars Plaintiff's claims against him." *See* Docket Entry No. 158 at 9. However, equitable estoppel is a legal theory that is distinct from the theory of equitable tolling, and Plaintiff has not set forth any actual argument that equitable estoppel, as opposed to equitable tolling, applies. Accordingly, the Court views Plaintiff's arguments as having raised only the issue of equitable tolling.