IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| De'MARIO DRIVER | ) | |
| | ) | |
| v. | ) | NO. 3:13-1087 |
| | ) | |
| FRANK J. FABISH, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# **R E P O R T   A N D   R E C O M E N D A T I O N**

This civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. *See* Orders entered October 11, 2013 (Docket Entry No. 4), and April 14, 2016 (Docket Entry No. 104).

For the reasons set out below, the undersigned respectfully recommends that default judgment be entered against Defendant Jorge Santiago, an award of compensatory damages and attorney's fees be made to Plaintiff, and a final judgment be entered.

## I. BACKGROUND

De'Mario Driver ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC"). He filed this lawsuit *pro se* and *in forma pauperis* on October 4, 2013, alleging that eight correctional officers at TDOC's Lois DeBerry Special Needs Facility ("DeBerry") used excessive force against him on May 16, 2013, and seeking damages under 42 U.S.C. § 1983 and under state tort law. *See* Complaint (Docket Entry No. 1). Plaintiff named the following defendants

- Quintez Burke, Earl Johnson, Frank Fabish, James Lindsey, Michael Ferrish, Jorge Santiago ("Santiago"), Leslie Mitchell,[1] and "John Doe II." Although the lawsuit was filed *pro se*, Plaintiff has been represented by counsel since August 2014. *See* Docket Entry No. 68.

The somewhat torturous procedural history of the case has previously been summarized, *see* Report and Recommendation (Docket Entry No. 208) at 2-3, and need not be restated again here other than to say that, at this point in the lawsuit, all named Defendants other than Santiago have been dismissed. *See* Docket Entry No. 103, 211, 214, 222, 224, and 245.[2]

Although Plaintiff had a difficult time serving process upon Santiago, he was personally served with process on October 6, 2014. *See* Docket Entry No. 75. Defendant Santiago did not answer the complaint or otherwise defend the action, however, and default was entered against him on July 18, 2016. *See* Docket Entry No. 143. Plaintiff's first request for default judgment against Defendant Santiago was denied without prejudice to being refiled after his claims against all other defendants were adjudicated. *See* Order entered March 15, 2017 (Docket Entry No. 187). Plaintiff subsequently renewed his motion for default judgment and the entry of an award of damages against Defendant Santiago on December 28, 2017, *see* Docket Entry No. 231, and the Court set the matter for a hearing. *See* Docket Entry No. 233.

---

[1] Defendant Mitchell was initially named as "John Doe I" but was later identified by Plaintiff. *See* Docket Entry No. 51.

[2] At the hearing, counsel for Plaintiff represented that he is no longer pursuing claims against the Defendant identified as "John Doe II."

## II. FINDINGS AND CONCLUSIONS

A. Default Judgment

At the January 26, 2018, hearing, Defendant Santiago did not appear. The Court heard argument from Plaintiff's counsel on the issue of default judgment and damages and received into evidence several exhibits. In lieu of live testimony, Plaintiff was permitted to submit his affidavit. At the conclusion of the hearing, the Court directed Plaintiff to file as late filed exhibits copies of video and audio exhibits that were played at the hearing and to file a motion for an award of attorneys fees and supporting declarations. *See* Order entered January 31, 2018 (Docket Entry No. 244). Plaintiff has now made these filings, *see* Docket Entry Nos. 248 and 249-251, and the matter is ripe for resolution.

In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment should be granted in favor of Plaintiff against Defendant Santiago. Because of Defendant Santiago's default, the Court is entitled to take as true the well-pleaded allegations of the complaint. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). The Court has jurisdiction over this lawsuit, which raises federal civil rights claims, and also has personal jurisdiction over Defendant Santiago, who resides and acted within Tennessee. Based on Plaintiff's well-pleaded allegations and the evidence presented at the hearing, *see* Plaintiff's Exhibits ##1-8, the Court finds that Defendant Santiago violated Plaintiff's Eighth Amendment rights by using excessive force against him. *See Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The complaint is sufficient and the merits of Plaintiff's claim is strong. Defendant Santiago was given the opportunity to appear and litigate the claim against him but failed to do so. No reason exists not to enter default judgment against Defendant Santiago. Based upon the proof presented by Plaintiff on the issue of

3

damages, Plaintiff has supported his claim of injury and is entitled to an award of $20,000.00 in compensatory damages against Defendant Santiago.

B. Attorney's Fees

Plaintiff seeks an award of attorney's fees in the amount of $16,520.00 against Defendant Santiago. *See* Motion for Attorney's Fees (Docket Entry No. 249). As the prevailing party in this civil rights action, Plaintiff should be granted a discretionary award of attorney's fees under 42 U.S.C. § 1988(b). *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court finds that no special circumstances are present that would render an award of fees unjust and that Plaintiff is entitled to an award of the attorney's fees he requests. Plaintiff has provided sufficient and persuasive evidence[3] supporting the request and showing that the requested award is reasonable. *See Building Service Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995); *U.S. Structures v. J.P. Structures*, 130 F.3d 1185, 1193 (6th Cir. 1997).

**RECOMMENDATION**

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that:

(1) Plaintiff's motion (Docket Entry No. 231) for default judgment against Defendant Jorge Santiago be GRANTED and that default judgment be entered against Defendant Jorge Santiago in the amount of $20,000.00;

---

[3] *See* Docket Entry Nos. 251 and 260.

(2) Plaintiff's motion for an award of attorney's fees (Docket Entry No. 249) be GRANTED and that Plaintiff be awarded attorney's fees against Defendant Jorge Santiago in the amount of $16,520.00;

(3) the "John Doe II" defendant be DISMISSED; and,

(4) a final judgment be entered in this action in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge