IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

De'MARIO DRIVER          )
                         )
     v.                  )     Case No. 3:13-cv-1087
                         )
LT. FRANK FABISH *et al.* )

**TO:   Honorable Aleta A. Trauger, United States District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 28, 2025, the Request for Sanctions for Breach of Contract filed *pro se* by Plaintiff (Docket Entry No. 282) was referred to the undersigned Magistrate Judge for disposition. For the reasons set out below, the undersigned respectfully recommends that the request be **DENIED**.

## I.   BACKGROUND

De'Mario Driver ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC"). He filed this lawsuit *pro se* and *in forma pauperis* on October 4, 2013, alleging that eight TDOC correctional officers used excessive force against him on May 16, 2013, and seeking damages under 42 U.S.C. § 1983 and under state tort law. *See* Complaint (Docket Entry No. 1).[1]

The somewhat torturous procedural history of the case has previously been summarized, *see* Report and Recommendation (Docket Entry No. 208) at 2-3, and need not be recounted again other than to say that Plaintiff's claims against all named Defendants were resolved in some manner through agreed dismissal, dismissal upon settlement, dismissal by the Court, or entry of

---

[1] Although the lawsuit was filed *pro se*, Plaintiff has been represented by counsel since August 2014. *See* Docket Entry Nos. 68 and 268.

default judgment. (Docket Entry Nos. 103, 211, 214, 222, 224, 245, and 264.) A final judgment was entered on April 17, 2018. (Docket Entry Nos. 264 and 265.)

## II. PLAINTIFF'S REQUEST FOR SANCTIONS AND ENFORCEMENT OF THE SETTLEMENT AGREEMENT

On May 27, 2025, Plaintiff, despite the fact that he is currently represented by counsel in the case, made the pending *pro se* filing. (Docket Entry No. 282.) Plaintiff asserts that one of the Defendants, Quintez Burke, has not complied with the terms of a settlement agreement that was reached between Plaintiff and Burke in June 2017, an agreement that led to the dismissal of Burke from the case. Plaintiff contends that Burke agreed to pay Plaintiff a total sum of $1,500.00, made in 15 consecutive monthly payments of $100.00, but that Burke has made only the first payment and has therefore breached the settlement agreement.

Plaintiff requests that the Court "issue punitive sanctions against Defendant Quintez Burke and help to enforce the terms of the agreed settlement by ordering said Defendant to make payment in full of the agreed upon settlement plus interest and penalties immediately." (*Id*. at 1.) Plaintiff attaches to his filing the executed settlement agreement, as well an e-mail string from 2017 between Plaintiff's counsel and Burke about his failure to make payments and a 2018 letter from Plaintiff's counsel about his delinquency. (Docket Entry No. 282-1.)

## III. ANALYSIS

Although the district courts have the inherent power to enforce agreements entered into in settlement of litigation before them, *Therma-Scan, Inc. v. Thermoscan*, Inc., 217 F.3d 414, 419 (6th Cir. 2000), the "[e]nforcement of the settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *RE/MAX Intern v. Realty One*,

271 F.3d 633, 641 (6th Cir. 2001) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). The party seeking to invoke the subject matter jurisdiction of the Court bears the burden of showing the matter is properly before the Court. *Hehl v. City of Avon Lake*, 90 F.App'x 797, 801 (6th Cir. 2004). Further, the Court has a duty to consider its subject matter jurisdiction in regard to every case and may raise the issue of subject matter jurisdiction *sua sponte* at any time. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction for this Court to consider Plaintiff's request for sanctions and enforcement of the settlement agreement simply does not exist, whether through retention of jurisdiction or through independent jurisdiction. The Sixth Circuit has instructed that "[a] district court retains jurisdiction to enforce a settlement agreement if it either (1) has language in the dismissal order indicating its retention of jurisdiction, or (2) incorporates the terms of the settlement agreement into the dismissal order." *Hehl v. City of Avon Lake*, 90 F.App'x 797, 801 (6th Cir. 2004). Burke was dismissed from this action pursuant to Fed. R. Civ. P. 41(a)(2), with prejudice by order entered December 5, 2017. (Docket Entry No. 222.) The order of dismissal contains no language either indicating that the Court would or intended to retain jurisdiction over the case as against Burke or incorporating the terms of the settlement agreement into the order. Neither of the *Kokkonen* exceptions are met. The Court's order of dismissal of Burke simply and clearly fails to provide for retained jurisdiction to take any action to enforce the settlement agreement at issue between Plaintiff and Burke.

No independent basis for subject matter jurisdiction to hear Plaintiff's request otherwise exists. Where, as here, the gravamen of the dispute is breach of contract for settlement, state contract law generally governs the claim, and federal question jurisdiction does not exist under

3

28 U.S.C. § 1331. *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). This is so even if the underlying claim that was settled involved matters of federal rights, such as civil rights claims. *See Perkins v. Booker*, 2011 WL 3664689, at *2 (W.D. Mich. Aug. 19, 2011) (rejecting plaintiff's argument that *Kokkonen* did not apply and that jurisdiction existed to hear motion to enforce settlement agreement because the settled case was a federal civil rights case brought under 42 U.S.C. § 1983).

Diversity jurisdiction under 28 U.S.C. § 1332 is another possible avenue of subject matter jurisdiction given that Plaintiff and Burke are apparently citizens of different states.[2] *Limbright v. Hofmeister*, 566 F.3d 672, 676 (6th Cir. 2009). However, the amount at issue in Plaintiff's request is substantially less than the $75,000.00 threshold amount in controversy that is required for diversity jurisdiction.

For all these reasons, the Court lacks subject matter jurisdiction to enforce the settlement agreement that resulted in the dismissal of Burke. Plaintiff's *pro se* request for sanctions and enforcement of the settlement agreement must therefore be denied.[3]

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the Request for Sanctions for Breach of Contract filed *pro se* by Plaintiff (Docket Entry No. 282) be **DENIED**.

---

[2] The certificate of service for Plaintiff's request states that the last known address for Burke is in Virginia. (Docket Entry No. 282 at 2.)

[3] The Court's local rules also provide that "[w]henever an attorney has entered an appearance for a party or individual, that party or individual may not thereafter appear or act in

4

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections must file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

their own behalf in the action or proceeding." Local Rule 83.01(e)(3). Plaintiff's *pro se* request is also properly denied on this procedural ground as well.